**WO** KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James D. Harmon, | No. CV 10-1186-PHX-MHM (MHB) |
| Plaintiff, | **ORDER** |
| vs. | |
| Bruno Stolc, | |
| Defendant. | |

Plaintiff James D. Harmon, who is confined in the Hudson Correctional Facility in Hudson, Colorado, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 and an Application to Proceed *In Forma Pauperis* in the United States District Court for the District of Northern California. On June 4, 2010, the California Court transferred the action to this Court. On June 11, 2010, this Court denied Plaintiff's Application to Proceed with leave to refile. On July 9, 2010, Plaintiff filed a new Application to Proceed (Doc. 10). The Court will dismiss the Complaint with leave to amend.

**I.     Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $37.30. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate

**JDDL-K**

Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

If the Court determines that a pleading could be cured by the allegation of other facts, a *pro se* litigant is entitled to an opportunity to amend a complaint before dismissal of the action. See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*). The Court should not, however, advise the litigant how to cure the defects. This type of advice "would

1 undermine district judges' role as impartial decisionmakers." Pliler v. Ford, 542 U.S. 225, 231 (2004); see also Lopez, 203 F.3d at 1131 n.13 (declining to decide whether the court was required to inform a litigant of deficiencies). Plaintiff's Complaint will be dismissed for failure to state a claim, with leave to amend because the Complaint may possibly be saved by amendment.

**III. Complaint**

Plaintiff sues Bruno Stolc, Warden of the Corrections Corporation of America–Red Rock Correctional Center ("CCA-RRCC"). Plaintiff alleges that while housed at CCA-RRCC, Defendant "continued a campaign of harassment" which "included but was not limited to making [inmates] label [their] laundry bags with [their] names, ordering all outgoing mail to be left unsealed by the prisoner, in some instances legal mail, taking some of the better items off the menu for no apparent reason. By better items [Plaintiff] mean[s] specifically hot dogs and pizza." Plaintiff claims that Defendant also eliminated "night-time 'pod-porter' jobs because of an escape at another completely unrelated institution." Finally, Plaintiff claims that changes were made to the commissary lists without appropriate notice.

Plaintiff seeks money damages.

**IV. Failure to State a Claim**

Section 1983 provides a cause of action against persons acting under color of state law who have violated rights guaranteed by the United States Constitution and federal law. 42 U.S.C. § 1983; see also Buckley v. City of Redding, 66 F.3d 188, 190 (9th Cir. 1995). Plaintiff has failed to show a constitutional deprivation. "It cannot be said that all . . . conditions . . . even if discomforting or undesirable, amount to deprivations of constitutional dimensions . . . [A] federal court is not the proper forum for challenging or changing every aspect of the harsh realities of confinement unless conditions cannot be tolerated under the Constitution." Thomas v. Smith, 559 F. Supp. 223, 224 (W.D.N.Y. 1983) (citing Griffin v. Smith, 493 F. Supp. 129 (W.D.N.Y. 1980)). Thus, the Court will dismiss without prejudice Plaintiff's Complaint because it fails to state a claim.

1   Plaintiff should note that conditions-of-confinement claims typically arise under the
2   Eighth Amendment. An Eighth Amendment claim requires a sufficiently culpable state of
3   mind by the Defendants, known as "deliberate indifference." Farmer v. Brennan, 511 U.S.
4   825, 834 (1994). Deliberate indifference is a higher standard than negligence or lack of
5   ordinary due care for the prisoner's safety. Id. at 835. To state a claim of deliberate
6   indifference, plaintiffs must meet a two-part test. First, the alleged constitutional deprivation
7   must be, objectively, "sufficiently serious"; the official's act or omission must result in the
8   denial of "the minimal civilized measure of life's necessities." Id. at 834. Second, the prison
9   official must have a "sufficiently culpable state of mind," *i.e.*, he must act with deliberate
10  indifference to inmate health or safety. Id. In defining "deliberate indifference" in this
11  context, the Supreme Court has imposed a subjective test: "the official must both be aware
12  of facts from which the inference could be drawn that a substantial risk of serious harm
13  exists, and he must also draw the inference." Id. at 837 (emphasis added).

## V. Leave to Amend

15  For the foregoing reasons, Plaintiff's Complaint will be dismissed for failure to state
16  a claim upon which relief may be granted. Within 30 days, Plaintiff may submit a first
17  amended complaint to cure the deficiencies outlined above. The Clerk of Court will mail
18  Plaintiff a court-approved form to use for filing a first amended complaint. If Plaintiff fails
19  to use the court-approved form, the Court may strike the amended complaint and dismiss this
20  action without further notice to Plaintiff.

21  Plaintiff must clearly designate on the face of the document that it is the "First
22  Amended Complaint." The first amended complaint must be retyped or rewritten in its
23  entirety on the court-approved form and may not incorporate any part of the original
24  Complaint by reference. Plaintiff may include only one claim per count.

25  A first amended complaint supersedes the original complaint. Ferdik v. Bonzelet, 963
26  F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542,
27  1546 (9th Cir. 1990). After amendment, the Court will treat an original complaint as
28  nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original

complaint is waived if it is not raised in a first amended complaint. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

## VI. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible "Strike"

Because the Complaint has been dismissed for failure to state a claim, if Plaintiff fails to file an amended complaint correcting the deficiencies identified in this Order, the dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g). Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

1  **E.  Possible Dismissal**

2  If Plaintiff fails to timely comply with every provision of this Order, including these
3  warnings, the Court may dismiss this action without further notice. See Ferdik, 963 F.2d at
4  1260-61 (a district court may dismiss an action for failure to comply with any order of the
5  Court).

6  **IT IS ORDERED:**

7  (1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 10) is **granted**.

8  (2) As required by the accompanying Order to the appropriate government agency,
9  Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $37.30.

10  (3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim. Plaintiff has
11  **30 days** from the date this Order is filed to file a first amended complaint in compliance with
12  this Order.

13  (4) If Plaintiff fails to file an amended complaint within 30 days, the Clerk of
14  Court must, without further notice, enter a judgment of dismissal of this action with prejudice
15  that states that the dismissal may count as a "strike" under 28 U.S.C. § 1915(g).

16  (5) The Clerk of Court must mail Plaintiff a court-approved form for filing a civil
17  rights complaint by a prisoner.

18  DATED this 10th day of August, 2010.

_____
Mary H. Murgula
United States District Judge